Jane DOE, etc., Plaintiff,

v.

SOUTH FLORIDA STATE HOSPITAL, etc., et al., Defendants.

No. 82–6366–CIV–JAG.

United States District Court, D. Florida, S.D.

Oct. 25, 1982.

§ 402A (special liability of seller to user or consumer who suffers personal harm from defective product).

J. Charles Shores, Jr., P.A., Fort Lauderdale, Fla., for plaintiff.

Walter M. Meginniss, Asst. Atty. Gen., Tallahassee, Fla., for defendants.

### FINAL ORDER OF DISMISSAL

GONZALEZ, District Judge.

THIS CAUSE has come before the court for review upon the Defendants', SOUTH FLORIDA STATE HOSPITAL, etc., et al., Motion to Dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, or in the Alternative for more Definite Statement pursuant to Rule 12(e) and 10(b), Federal Rules of Civil Procedure.

Plaintiff, JANE DOE, brings this action pursuant to the provisions of Title 42 U.S.C. § 1983. The Complaint herein charges defendants with the negligent release of one Michael McClure from the South Florida State Hospital which release directly and proximately caused severe injury to plaintiff and deprived her of rights protected under Title 42 U.S.C. § 1983.

The Complaint alleges that during the year 1975, Michael McClure was a patient and inmate at South Florida State Hospital in a sexual offender program as a result of having been sentenced for a violent sexual offense. During the same year he was released.

The details of the release are not alleged in the Complaint other than it was effected by the Hospital in conjunction with its personnel, the Florida Department of Corrections, and the Florida Parole and Probation Commission and its personnel. The Complaint does not allege the conditions of that release or the authority under which the release was made.

Shortly after his release in 1975, McClure committed "identical sexual assault crimes as those he had committed earlier", and he was subsequently arrested and again sentenced to a prison term.

In June, 1981, McClure was again released and he once again committed sexual assaults upon "numerous women" including the plaintiff in this action.

The Complaint states that defendants had a duty to protect the public and plaintiff by institutionalizing and confining violent criminals with propensities for violence; and that this duty required the exercise of great care because of Michael McClure's past history of violent, assaultive behavior. Plaintiff states that this duty was breached in that all defendants were negligent in releasing McClure in both 1975 and 1981, concluding that the results of the examinations, and consultations plus the long history of assaultive behavior "reasonably should have precluded his consideration for release."

Defendants, in their Motion to Dismiss argue that Plaintiff's Complaint fails to state a claim under § 1983, in that no federally protected right has been alleged which would bring the matter within the Fourteenth Amendment and § 1983.

The question presented upon the Defendants' Motion to Dismiss is whether state officials who negligently release a mental

patient are subject to a 42 U.S.C. § 1983 action brought by a person subsequently assaulted by that patient.

In their Motion to Dismiss, defendants primarily rely on the Supreme Court case of *Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980) where the Court observed that the basic risk that repeat offenses may occur is always present in the system.

*Martinez* is a case of substantial factual similarity to the present case. In *Martinez,* a parolee by the name of Thomas was convicted of attempted rape in December, 1969 and committed to a state hospital as a "Mentally Disordered Sex Offender not amendable to treatment". Thereafter he was sentenced to a term of imprisonment of 1 to 20 years, with a recommendation that he not be paroled. Five years later, however, the parole authorities decided to parole him to the care of his mother. Five months after his release, Thomas tortured and killed the fifteen year old daughter of the parents who brought the action under 42 U.S.C. § 1983 alleging that the authorities were fully aware of his prior history, his propensities, and the likelihood that he would commit another crime.

The Court held that the complaint failed to state a claim under § 1983. It concluded that the action of the parolee was not state action for purposes of the Fourteenth Amendment, and that the officials did not "deprive" the victim of life within the meaning of the Fourteenth Amendment regardless of whether as a matter of state tort law, the parole board had a "duty" to avoid harm to the victim. The Court further held that the parole board did not proximately cause the death, and that the death was too remote a consequence of the officials' action to hold them responsible under § 1983.

In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Court held that negligence alone is actionable under Section 1983, however, in order to establish a prima facie case there must be shown (1) a deprivation of a Federal Right, and (2) that this deprivation took place under color of state law.

Plaintiff mistakenly relies on the case of *Payton v. United States,* 679 F.2d 475 (5th Cir.1982), where the court addressed the narrow issue of whether the alleged conduct by personnel of the United States Bureau of Prisons came within the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 2671–2680 (1976) (FTLA), or was exempt as a discretionary function pursuant to 28 U.S.C. § 2680(a) (1976).

*Payton,* therefore, involved an action brought pursuant to the Federal Tort Claims Act as distinguished from the negligence action under 42 U.S.C. § 1983 brought in the present case.

■ To state a claim under § 1983, a plaintiff must allege both a deprivation of a constitutional right and the effectuation of that deprivation under color of state law. *See: Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

The Seventh Circuit recently held in *Bowers v. DeVito,* 686 F.2d 616 (1982), that state officials who allegedly acted recklessly in releasing a mental patient are not subject to a 42 U.S.C. § 1983 action brought by the estate of a person subsequently murdered. The court saw no need to explore the limits of the officials' discretion, and simply held that the decedent was not deprived of any right protected by the Federal Constitution. "There is no constitutional right to be protected by the state against being murdered by criminals or madmen, the court explained." P. 618.

The patient in *Bowers* had been committed to an Illinois state mental hospital after being found not guilty by reason of insanity in the stabbing death of a young woman. He was later released and after a year of freedom, stabbed the plaintiffs' decedent to death. The district court, in granting summary judgment for the § 1983 defendants, relied on *Martinez v. California,* 442 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980).

The Seventh Circuit, however, declined to decide the applicability of *Martinez* and turned instead to § 1983 itself. The Court noted that:

[T]he Constitution is a charter of negative liberties; it tells the state to let

people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order. There is no allegation here of discrimination in providing protection against private violence. All that is alleged is a failure to protect Miss Bowers and others like her from a dangerous madman, and as the state of Illinois has no federal constitutional duty to provide such protection its failure to do so is not actionable under § 1983. P. 618.

Accordingly, since this court finds that the plaintiff has not alleged any *federally* protected right in the present case, it is not necessary to inquire into the functions and the duties of the state officials or to explore the limits of the officials' discretion.

In summary, pursuant to *Martinez* and *Bowers,* this court finds that an action under § 1983 does not lie in this case as a result of the Plaintiff's failure to allege a federally protected right.

Inasmuch as the Plaintiff's Complaint fails to state a claim upon which relief can be granted, it is accordingly

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss be and the same is hereby GRANTED, and Plaintiff's Complaint be and the same is hereby DISMISSED with prejudice. Costs will be taxed against Plaintiff upon appropriate application.